**Application of Robert E. RICE and Francis A. Russo, Jr.**

**Patent Appeal No. 7267.**

United States Court of Customs and Patent Appeals.

April 8, 1965.

Eugene Sabol, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C., (L. F. Parker, Washington, D. C., of counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the rejection of claims 7 and 8 of appellants' patent application[1] entitled "Method for Burn Therapy."

The subject matter of the application is reflected in claim 7:

"7. The method of treating burned areas on the human body, comprising the steps of applying an aqueous suspension consisting essentially of tetraethylene glycol, methyl cellulose and water to the burned area and allowing it to harden to a thin, flexible, water soluble transparent film which excludes contact with the air and yet is sufficiently permeable to allow normal activity of the sweat and perspiration glands, thereby maintaining the proper electrolytic balance for minimizing shock."

Appellants have found that the addition of tetraethylene glycol as a plasticizer to hydrophilic methyl cellulose precludes a tendency of the hardened, transparent film to crack or peel.

The examiner rejected the claims as unpatentable over the Dow reference.[2] He noted that Dow discloses, under the heading "Burns," that methyl cellulose solutions or ointments have been applied to skin tissue, particularly in burn therapy. According to Dow, the solution forms a transparent, pliant coating which permits observation of the damaged tissue and greatly reduces the possibility of infection. Further on, under the heading "Plasticization," Dow discloses that, where greater flexibility of methyl cellulose coatings in general is desired, "a plasticizer from Table 7" should be selected. Among the ten plasticizers listed in that table is tetraethylene glycol. It was the examiner's position that the use of tetraethylene glycol to increase flexibility of methyl cellulose coatings to be employed in treating burns "would be obvious to one skilled in the art."

Appellants argue here, as before the board, that a substantial number of experiments would be required to determine which of the ten plasticizers disclosed by Dow would be suitable for methyl cellulose solutions used in burn therapy; that some of those plasticizers might not be suitable for use on burned skin areas; that appellants have performed the necessary experiments, thereby solving a special problem, and are deserving of patent protection therefor.

While we appreciate appellants' arguments, we think the Dow reference would adequately suggest the claimed subject matter as a whole to one of ordinary skill in the art without any necessity of undue experimentation. Thus we find no error in the board's holding that "On the basis of the record before us we can only conclude that appellants' proposal was obvious from the teachings of the reference."

The decision is affirmed.

Affirmed.

1. Serial No. 476,567, filed December 20, 1954.

2. "The New Methocel," a booklet by The Dow Chemical Co., Midland, Michigan (1949), pp. 30, 54 and 55.